IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KIMBERLY L. NAY and BRUCE E. NAY, )
on behalf of plaintiffs and a class, )
)
Plaintiffs, )
)
vs. )
)
APLINGTON, KAUFMAN, MCCLINTOCK, )
STEELE & BARRY, LTD.; )
ROBERT B. STEELE, and )
COLLECTION PROFESSIONALS, INC., )
)
Defendants. )

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiffs Kimberly L. Nay and Bruce E. Nay bring this action to secure redress from unlawful collection practices engaged in by defendants Aplington, Kaufman, McClintock, Steele & Barry, Ltd., Robert B. Steele, and Collection Professionals, Inc.

2. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

5. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors'

1

harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

6. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7. Plaintiffs seek to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

## **VENUE AND JURISDICTION**

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

9. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications and conduct impacted plaintiffs within this District;

   b. Defendants are located within this District.

10. Defendants communicated false information regarding an alleged debt to plaintiffs.

11. Plaintiffs have a congressionally defined right to have any communications regarding an alleged debt be accurate.

12. Plaintiffs have thus suffered an injury as a result of defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

13. Plaintiffs Kimberly L. Nay and Bruce E. Nay are husband and wife and reside in Will County, Illinois.

14. Defendant Aplington, Kaufman, McClintock, Steele & Barry, Ltd. is a law firm organized as a professional corporation, with principal offices at 160 Marquette St, LaSalle, IL 61301.

15. Aplington, Kaufman, McClintock, Steele & Barry, Ltd. is engaged in the business of using the mails and telephone to collect consumer debts owed to others.

16. Defendant Aplington, Kaufman, McClintock, Steele & Barry, Ltd., lists practice areas including "collection," and states on a web site (http://akmsb.com/collection/4351444) that "Our firm represents businesses in collection of retail debts, such as medical care providers, credit unions, banks, retail stores and others who offer goods or credit to consumers. We can file suit for you and use the courts to collect your account for you through judgments. . . . We represent banks, credit unions or individuals in filing of foreclosures or replevin actions to recover property or real estate pledged by a mortgage. . . . We represent landlords in collection of rent or handling of evictions. We are a member of the Illinois Creditors Bar Association. We have over 40 years of experience in representing retail and commercial creditors and individuals in Central Illinois."

17. Aplington, Kaufman, McClintock, Steele & Barry, Ltd. is a debt collector as defined in the FDCPA.

18. Defendant Robert B. Steele is an Illinois attorney and principal of Aplington, Kaufman, McClintock, Steele & Barry, Ltd. He may be found at at 160 Marquette St, LaSalle, IL 61301.

19. Defendant Robert B. Steele is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

20. Steele was responsible for the collection activities directed at plaintiffs, including

the signing of a collection complaint filed against them.

21. Robert B. Steele is a debt collector as defined in the FDCPA.

22. Defendant Collection Professionals, Inc. is an Illinois corporation that operates a collection agency. It has offices in Joliet, LaSalle and Macomb, Illinois. Its registered agent is Scott Edwards, 400 N. Dudley St., Macomb, Illinois 61455.

23. Collection Professionals, Inc. uses the mails and telephone to collect consumer debts owed to others. It often takes assignments of medical debts for collection purposes.

24. Collection Professionals, Inc. holds a collection agency license from the state of Illinois.

25. Collection Professionals, Inc. is a debt collector as defined in the FDCPA.

## FACTS

26. Defendants have been attempting to collect an alleged dental bill from plaintiffs.

27. Plaintiffs dispute owing anything.

28. The alleged bill was assigned for collection purposes by the dental office to Collection Professionals, Inc.

29. Collection Professionals, Inc., had defendant Aplington, Kaufman, McClintock, Steele & Barry, Ltd., through defendant Steele, file suit against plaintiffs on the alleged debt in Will County Circuit Court.

30. The relationship of Collection Professionals, Inc., with Aplington, Kaufman, McClintock, Steele & Barry, Ltd., is that of principal and agent.

31. Collection Professionals, Inc., regularly has defendant Aplington, Kaufman, McClintock, Steele & Barry, Ltd., through defendant Steele, file consumer collection actions on assigned debts in Northern Illinois. Scores of such lawsuits are filed each year.

32. In May 2017, plaintiffs were served with the summons and complaint in Appendix A. The complaint was signed by Steele.

33. The summons stated that plaintiffs had to appear on May 26, 2017.

34. Attached to the summons and complaint, as a last page, was a "notice of debt" similar to that described in 15 U.S.C. §1692g, and stating that the consumer had 30 days in which to dispute the validity of the debt and that if it was disputed in writing, defendants would obtain and provide verification of the debt.

35. The use of such "notice of debt" is a regular practice by defendants.

36. It is not necessary or appropriate to attach a "notice of debt" to a complaint and summons.

37. Doing so results in inconsistent representations to the consumer concerning the time and method of disputing the debt alleged in the complaint, and is likely to result in a default judgment or unnecessary actions by the consumer. Plaintiffs only had a few days to respond to the complaint, not 30. In addition, in a small claim in Illinois state court (a claim for money of $10,000 or less), the consumer is not required to file a written answer; his or her appearance acts as a general denial.

38. The complaint, "notice of debt", and summons were form documents, regularly used by defendants.

## COUNT I – FDCPA

39. Plaintiffs incorporate paragraphs 1-38.

40. Defendants violated 15 U.S.C. §1692e by including the "notice of debt" in their form complaints. *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808 (7th Cir. 2016).

41. Section 1692e provides:

> § 1692e.    False or misleading representations [Section 807 of P.L.]
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (2)   The false representation of--
>
> (A)   the character, amount, or legal status of any debt; . . .
>
> (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...

5

## CLASS ALLEGATIONS

42. Plaintiffs bring this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The classes overlap.

43. Class A consists of (a) all individuals in Illinois, (b) against whom Aplington, Kaufman, McClintock, Steele & Barry, Ltd. filed a complaint, (c) including a "notice of debt," (d) which complaint was filed on or after a date 1 year prior to the filing of this action, and prior to a date 21 days after this action.

44. Class B consists of (a) all individuals in Illinois, (b) against whom Collection Professionals, Inc., filed a complaint, (c) including a "notice of debt," (d) which complaint was filed on or after a date 1 year prior to the filing of this action, and prior to a date 21 days after this action.

45. Each class is so numerous that joinder of all members is not practicable. Based on an electronic search of court files, there are over 100 members of each class.

46. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the "notice of debt" violates the FDCPA.

47. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

48. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

49. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class members and against defendants for:

    i. Statutory damages ($1,000 per plaintiff per alleged debt and the lesser of $500,000 or 1% of defendants' net worth for the class);

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya Gumin Farbstein
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\34092\Pleading\Complaint federal_Pleading.WPD

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                              s/ Daniel A. Edelman
                                              Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)